McGREGOR W. SCOTT
United States Attorney
ANGELA L. SCOTT
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>RUBEN CORTEZ-ROCHA,<br>JOSE LOZANO,<br>  aka "Junior"<br>SADOL DIAZ-BELTRAN, and<br>RICARDO ZEPEDA-NAVARRO<br><br>            Defendants. | CASE NO. 1:18 CR 00246 DAD-BAM<br><br>GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT RICARDO ZEPEDA-NAVARRO<br><br><br>DATE: February 1, 2021<br>TIME: 9:00 a.m.<br>COURT: Hon. Dale A. Drozd |

## I.    INTRODUCTION

On January 15, 2020, defendant Ricardo Zepeda-Navarro ("Defendant") pleaded guilty to Count One of an indictment charging him with Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine and Heroin, in violation of 21 U.S.C. § 846(a)(1), (b)(1)(A). PSR ¶ 1. The United States Probation Office (USPO) has prepared a Presentence Investigation Report (PSR) calculating defendant's total offense level as 35 with a criminal history category of III. PSR ¶¶ 33, 43. The government agrees with the PSR's calculations and its recommendation of a significant sentence. The government cannot agree with the USPO's recommended variance based on defendant's history and characteristics, as defendant is not so outside the heartland of similarly situated defendants as to warrant a variance.

1

**STATEMENT OF FACTS**

Evidence indicates that defendant brokered a narcotics transaction involving approximately 4,448.3 grams of 99.9% pure methamphetamine and approximately 3,809.1 grams of heroin. PSR ¶ 6-18. Prior to the sale, he provided a sample of heroin. PSR ¶ 7. Defendant was not present when the narcotics were seized by law enforcement, but did meet with the involved parties earlier on the day of the deal. PSR ¶¶ 11-16.

## II. ANALYSIS OF THE SECTION 3553(A) FACTORS

In sentencing a defendant, 18 U.S.C. § 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of defendant. 18 U.S.C. § 3553(a)(2) requires the Court to consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from defendant's further crimes. 18 U.S.C. § 3553(a)(6) requires the Court to consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### A. The Serious Nature of the Offense Supports a Significant Sentence

Defendant brokered a deal for over nine pounds of methamphetamine and over eight pounds of heroin. Defendant's participation in the sale of large quantities of dangerous drugs warrants a significant sentence.

### B. The History and Characteristics of the Defendant Support a Significant Sentence

Defendant is in criminal history category III. PSR ¶ 43. While his prior convictions are misdemeanors and are not for violent crimes, it appears that he was arrested while on probation for his initial misdemeanor conviction. PSR ¶ 38. He also committed the instant offense while on probation. PSR ¶ 41. Additionally, as this Court knows, defendant violated the terms of his pretrial release in this case by not reporting law enforcement contact to his pretrial services officer. Doc. 151-159. Defendant stipulated to his own remand into custody due to that incident, and this Court ordered him detained. The instant offense coupled with defendant's performance on pretrial supervision and on his prior terms of probation demonstrate a lack of respect for the law. Defendant also suffers from a drug addiction and anger management issues, which have likely contributed to the poor decisions he has made as a young

adult. PSR ¶¶ 56-61.

The government agrees with the PSR's characterization of defendant's role in this offense as a "middleman," and the USPO's decision not to recommend either an aggravating or a mitigating role. PSR ¶ 18.

### C. The Need for the Sentence to Provide Just Punishment & Adequate Deterrence

The Court is also required to consider the need for the sentence "… to promote respect for the law, [] to provide just punishment for the offense, to afford adequate deterrence to criminal conduct; [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A)-(C). Defendant's charged crime warrants a significant punishment. The danger posed to society by the distribution of methamphetamine and heroin is immense. Additionally, defendant's history and characteristics indicate a risk of recidivism. Consequently, a considerable sentence is warranted here to deter this criminal conduct and protect the public.

### III. CONCLUSION

For the reasons set forth above, the government recommends that the Court sentence defendant to a substantial term of imprisonment.

Dated: January 22, 2021

McGREGOR W. SCOTT
United States Attorney

By: /s/ ANGELA L. SCOTT
ANGELA L. SCOTT
Assistant United States Attorney