HEATHER E. WILLIAMS, Bar #122664
Federal Defender
PEGGY SASSO, CA Bar #228906
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorneys for Defendant
RICARDO ZEPEDA-NAVARRO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:18-cr-00246 DAD-BAM-4 |
|---|---|
| Plaintiff, | **STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| v. | |
| RICARDO ZEPEDA-NAVARRO, | |
| Defendant. | RETROACTIVE CRIMINAL HISTORY REDUCTION CASE |
| | Judge: Hon. Dale A. Drozd |

Defendant, RICARDO ZEPEDA-NAVARRO, by and through his attorney, Assistant Federal Defender Peggy Sasso, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1. Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

2. The United States Sentencing Commission recently amended the Sentencing Guidelines to limit the overall criminal history impact of "status points" by assigning zero status

1  points for offenders with six or fewer criminal history points, and one status point for offenders
2  with seven or more criminal history points ("status-point provision"). *See* Amendment 821, Part
3  A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023). The United States
4  Sentencing Commission made the status-point provision retroactive beginning February 1, 2024.
5  *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

6      3.     Mr. Zepeda-Navarro received 2 criminal history points based on his past criminal
7  convictions and 2 criminal history points pursuant to former USSG § 4A1.1(d) for a total
8  criminal history score of 4, which placed Mr. Zepeda-Navarro in criminal history category III. A
9  total offense level of 35 and criminal history category III, resulted in a recommended guideline
10 range of 210 - 262 months. The Court was permitted to impose a sentence below 10-year
11 statutory mandatory minimum for the reasons provided in Sections II and V of the Statement of
12 Reasons;

13      4.     On February 1, 2021, this Court sentenced Mr. Zepeda-Navarro to a term of 108
14 months;

15      5.     The sentencing range applicable to Mr. Zepeda-Navarro was subsequently
16 lowered by the status-point provision, which reduces his criminal history score to 2, lowering his
17 criminal history category from III to II, resulting in an amended advisory guideline range of
18 188 - 235 months;

19      6.     When the defendant's original sentence was below the statutory mandatory
20 minimum sentence and the applicable guideline range, the court may grant a comparable
21 reduction below the amended guideline range in accordance with the exceptions set forth in
22 USSG § 1B1.10(b)(2)(B) and (c);

23      7.     Because Mr. Zepeda-Navarro is eligible for a reduction in sentence, the parties
24 request the Court enter the order lodged herewith reducing Mr. Zepeda-Navarro's term of
25 imprisonment to 97 months, effective 10 days from the date of the amended judgment. If the
26 amount of time served as of the effective date of the Court's Order exceeds 97 months, the
27 sentence is instead reduced to a sentence of time-served effective 10 days from the date of the
28

amended judgment.[1]

8. <u>United States' statement regarding its stipulation</u>[2]: Defendant was convicted of Conspiracy to Distribute and to Possess with Intent to Distribute Heroin and Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). The United States enters into this stipulation after reviewing the Plea Agreement, ECF No. 73; sealed filing, ECF No. 174; Presentence Investigation Report ("PSR"); Statement of Reasons ("SOR"); Judgment, ECF No. 177; defendant's Bureau of Prisons ("BOP") disciplinary history, and after consulting with the prosecuting Assistant United States Attorney.

The government recommended a sentence of 128 months in prison. The Court varied below the government's recommended term of imprisonment based on the section 3553(a) factors including that the defendant's criminal history was overstated because he was on probation for misdemeanors, the defendant's age, and the fact that defendant had spent time in local custody during COVID-19. SOR at 3. Defendant's current projected release date is March 1, 2026. Defendant has sustained one disciplinary incident during his time in the Bureau of Prisons' custody for tattooing or self-mutilation on August 1, 2021.

Respectfully submitted,

Dated:  May 22, 2024

PHILLIP A. TALBERT
United States Attorney

 */s/ Shelley D. Weger*
SHELLEY D. WEGER
Assistant U.S. Attorney
Attorney for Plaintiff
UNITED STATES OF AMERICA

Dated:  May 22, 2024

HEATHER E. WILLIAMS
Federal Defender

 */s/ Peggy Sasso*
PEGGY SASSO
Assistant Federal Defender
Attorney for Defendant
RICARDO ZEPEDA-NAVARRO

---

[1] This 10-day period is requested by the Bureau of Prisons to perform its statutory duties and release planning.

[2] This statement is provided by the United States and is not part of the parties' stipulation.

Stipulation and Order Re: Sentence Reduction          3

**ORDER**

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Zepeda-Navarro is entitled to the benefit of Amendment 821, Part A, the new status point provision, codified at USSG § 4A1.1(e), which reduces his criminal history category from III to II, resulting in an amended guideline range of 188 - 235 months.

IT IS HEREBY ORDERED that, pursuant to USSG § 1B1.10(b)(2)(B), the term of imprisonment imposed in 2021 is reduced to a term of 97 months, effective 10 days from the date of the amended judgment. If the amount of time served as of the effective date of the Court's Order exceeds 97 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Zepeda-Navarro shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated: **May 24, 2024**

UNITED STATES DISTRICT JUDGE